```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND
                                    :
DEREK N. JARVIS
                                    :
    v.                              :   Civil Action No. DKC 2008-1694
                                    :
FEDEX OFFICE & PRINT
   SERVICES, INC.                   :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this civil rights action is a motion to stay proceedings filed by Plaintiff Derek Jarvis (Paper 52). The issues have been fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, the motion to stay will be denied as moot, and the remaining requests for relief will be denied. Plaintiff will be granted 15 days in which to file a properly supported response to Defendant's motion for summary judgment.

**I.   Background**

The facts of this case are set forth in detail in the court's memorandum opinion issued on March 10, 2009. (Paper 28). Plaintiff, proceeding *pro se*, filed a six count complaint against Defendant FedEx Office and Print Services, Inc. ("FedEx Office") alleging: (1) violations of Article 49B of the Maryland Code and 42 U.S.C. § 1981; (2) intentional infliction of emotional distress; (3) violation of 42 U.S.C. § 1983; (4) negligent training and supervision; (5) spoliation of evidence; and (6) violation of Title

II of the Civil Rights act of 1964, 42 U.S.C. § 2000a.  For the reasons set forth in an accompanying Memorandum Opinion (Paper 28), this court's March 10, 2009 Order (Paper 29) dismissed counts two, three, and four with prejudice.  Counts one and six were dismissed without prejudice, and Plaintiff was given 15 days to file an amended complaint.  Thereafter, Plaintiff filed a motion for reconsideration and motion to vacate order dismissing case (Paper 30), a motion to seal affidavit in support of motion for leave to proceed *in forma pauperis* (Paper 31), an appeal of the dismissal to the United States Court of Appeals for the Fourth Circuit (Paper 33), and a motion for leave to file first amended complaint (Paper 35).  On April 2, 2009, Plaintiff's motion for reconsideration was denied in its entirety, and the motion for leave to file an amended complaint was granted only with respect to counts one and two alleging violations of 42 U.S.C. § 1981.  (Papers 44, 45).  On April 16, 2009, FedEx Office filed an answer to the amended complaint.

FedEx Office filed a motion for summary judgment on the remaining two counts of the amended complaint in this action on April 24, 2009.  (Paper 50).  This court sent a letter to Plaintiff on April 27, 2009, advising him that Defendant filed a dispositive motion and informing him of the requirements of filing a response.  (Paper 51).  The same day, Plaintiff filed a motion to stay the proceedings.  (Paper 52).  Plaintiff's motion seeks the following:

2

(1) a stay of proceedings pending a ruling from the Fourth Circuit on Plaintiff's appeal; (2) Rule 11 sanctions against Defendant for filing its motion for summary judgment; (3) denial of Defendant's motion for summary judgment; and (4) judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c).

**II.  Motion to Stay**

Plaintiff requested that the court stay proceedings in this action pending resolution of his appeal to the Fourth Circuit.  The Fourth Circuit affirmed the dismissal of the original complaint on October 23, 2009.  No. 09-1299.  Accordingly, the motion to stay will be denied as moot.  The court will address the remaining requests in Plaintiff's motion below.

**III. Rule 11 Sanctions**

Plaintiff's motion for sanctions fails under Fed.R.Civ.P. 11. Fed.R.Civ.P. 11(C)(2) provides the procedure by which a party may seek Rule 11 sanctions:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Here, Plaintiff did not file a separate motion for sanctions, but instead requested sanctions in his motion to stay and his response to Defendant's motion for summary judgment. Plaintiff also failed to serve on Defendant his request for Rule 11 sanctions prior to his motion. Accordingly, the request for Rule 11 sanctions will be denied.

**IV.   Motion for Summary Judgment**

Plaintiff also requests that Defendant's motion for summary judgment be denied. Plaintiff's motion is not a proper response to Defendant's motion for summary judgment. Under Fed.R.Civ.P. 56(e)(2),

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Plaintiff insists that Defendant's motion for summary judgment should be denied, but does not point to any facts or evidence to demonstrate that there is a genuine issue for trial. Plaintiff will be directed to file a properly supported opposition to Defendant's motion for summary judgment within fifteen days.

**V.   Motion for Judgment on the Pleadings**

Finally, Plaintiff also request that the court enter a judgment in Plaintiff's favor pursuant to Fed.R.Civ.P. 12(c).

4

Plaintiff asserts that he is entitled to judgment on the pleadings as a sanction for the alleged spoliation of evidence by Defendant.

Fed.R.Civ.P. 12(c) provides: "After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is governed by the same standard as a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002); 2 Moore's Federal Practice, § 16.05 (3$^{d}$ ed. 2001)("The trial court may grant a judgment on the pleadings pursuant to Rule 12(c) only if it appears beyond doubt that the nonmoving party cannot prove any facts that would support his or her claim for relief, after it has accepted all well-pleaded allegations in the pleading as true, and drawn all reasonable inferences in favor of the nonmoving party.").

Plaintiff contends that he is entitled to judgment on the pleadings "as a sanction for the spoliation of evidence." Plaintiff argues that "there are no disputed facts and FedEx has destroyed material evidence in this case." (Paper 52, at 4-5). In order to obtain an adverse inference instruction based on spoliation of evidence, Plaintiff must show:

> (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a "culpable state of mind;" and (3) the evidence that was destroyed or altered was "relevant" to the claims or

5

>  defenses of the party that sought the discovery of the spoliated evidence, to the extent that a reasonable factfinder could conclude that the lost evidence would have supported the claims or defenses of the party that sought it. *Residential Funding v. Degeorge Financial Corp.*, 306 F.3d [99,] 107-08 [(2ᵈ Cir. 2002)], *Zubulake [v. UBS Warburg LLC*, 220 F.R.D. 212, 219-20], 2003 WL 22410619 at *6 [(S.D.N.Y. 2003)].

*Goodman v. Praxair Services, Inc.*, --- F.Supp.2d ---, No. MJG-04-391, 2009 WL 1955805, at *12 (D.Md. July 7, 2009)(citing *Thompson v. U.S. Dep't of Housing & Urban Devel.*, 219 F.R.D. 93, 101 (D.Md. 2003)).

Here, "[Plaintiff] has failed to identify any court order violated by [Defendant] in its alleged spoliation of evidence; accordingly, the Court's ability to impose any sanction must derive from its inherent authority to regulate the litigation process, rather than from any sanction prescribed by the Federal Rules of Civil Procedure." *Goodman,* 2009 WL 1955805, at *9. Plaintiff's request for sanctions based on spoliation of evidence is improper at this stage of the proceedings. Accordingly, the motion for sanctions and judgment on the pleadings will be denied.

**VI. Conclusion**

For the foregoing reasons, Plaintiff's motion to stay will be denied. A separate Order will follow.

             /s/
    DEBORAH K. CHASANOW
    United States District Judge

6